# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

NOEL MEDRINO-CLEMENTE

FILED
KC 1-30-08
JAN 3 0 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAGISTRATE JUDGE DENLOW

CRIMINAL COMPLAINT

CASE NUMBER: **08CR 0074**

I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief. On or about January 9, 2008, at Justice, Illinois, in the Northern District of Illinois, Eastern Division, NOEL MEDRINO-CLEMENTE, defendant herein,

> being an alien, who previously had been deported and removed from the United States on or about December 24, 1998, was found in the United States without previously having obtained the express consent of the Attorney General of the United States for reapplication by defendant for admission into the United States;

in violation of Title 8, United States Code, Sections 1326(a) and(b)(2); and Title 6, United States Code, Section 202(4). I further state that I am a Special Agent with the Bureau of Immigration and Customs Enforcement ("ICE") and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

Signature of Complainant
JASON HARKNESS
Special Agent, U.S. Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

January 30, 2008                               at   Chicago, Illinois
Date                                                City and State

MORTON DENLOW, U.S. Magistrate Judge
Name & Title of Judicial Officer                    Signature of Judicial Officer

STATE OF ILLINOIS    )
                     )                SS
COUNTY OF COOK       )

## AFFIDAVIT

I, Jason Harkness, on oath state as follows:

1. I have been a Special Agent with the U.S. Department of Homeland Security, Immigration and Customs Enforcement (formerly U.S. Customs Service) for approximately six years. I am currently assigned to the Public Safety Unit, which investigates a variety of criminal violations, including the offense of Illegal Re-Entry of Deported Criminal Aliens.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of the attached complaint and therefore contains only a summary of the relevant facts. I have not included each and every fact known by me concerning the individuals and events described herein. The information contained in this affidavit is based on my firsthand knowledge, review of ICE records, and information provided by other law enforcement officers and witnesses.

3. The defendant, NOEL MEDRINO-CLEMENTE, is a citizen of Mexico who is not a legal permanent resident or a citizen of the United States.

4. I have reviewed the ICE service file for MEDRINO-CLEMENTE, alien registration number A71 824 186, and have learned that on October 6, 1992, in the Superior Court of California, County of Los Angeles, MEDRINO-CLEMENTE was convicted on two counts of Possession of a Controlled Substance, in case numbers KA013334 and KA014819. MEDRINO-CLEMENTE was sentenced to 365 days incarceration in the County Jail and 3 years probation.

5. According to the ICE service file for MEDRINO-CLEMENTE, on or about March 3, 1993, MEDRINO-CLEMENTE was deported from the United States to Mexico at or near

Calexico, California. MEDRINO-CLEMENTE again entered the United States illegally on or about March 28, 1993 at or near San Ysidro, California.

6. According to the ICE service file for MEDRINO-CLEMENTE, on December 1, 1993, in the Superior Court of California, County of Los Angeles, MEDRINO-CLEMENTE was re-sentenced to 2 years imprisonment for violating the terms of his probation, referencing case numbers KA013334 and KA014819.

7. According to the ICE service file for MEDRINO-CLEMENTE, MEDRINO-CLEMENTE was deported from the United States to Mexico on or about June 28, 1994 at or near Calexico, California.

8. According to the ICE service file for MEDRINO-CLEMENTE, MEDRINO-CLEMENTE again entered the United States illegally on or about July 1, 1994 at or near San Ysidro, California. MEDRINO-CLEMENTE was deported from the United States to Mexico on or about July 1, 1995 at or near San Ysidro, California. Prior to MEDRINO-CLEMENTE's deportation on July 1, 1995, MEDRINO-CLEMENTE was served with Form I-294 (Notice of Court to which Deportation has been directed and Penalty for Reentry without Permission), which warned him of the criminal penalties for reentering the United States without permission of the Attorney General.

9. According to the ICE service file for MEDRINO-CLEMENTE, MEDRINO-CLEMENTE again entered the United States illegally on or about September 1995 at or near San Ysidro, California. MEDRINO-CLEMENTE was deported from the United States to Mexico on or about May 19, 1997 at or near San Ysidro, California. Prior to MEDRINO-CLEMENTE's deportation on May 19, 1997, MEDRINO-CLEMENTE was served with Form I-294 (Warning to

Alien Ordered Removed or Deported), which warned him of the criminal penalties for reentering the United States without permission of the Attorney General.

10. According to the ICE service file for MEDRINO-CLEMENTE, MEDRINO-CLEMENTE again entered the United States illegally on or about November 1997 at or near San Ysidro, California. MEDRINO-CLEMENTE was deported from the United States to Mexico on or about December 24, 1998 at or near Calexico, California. Prior to MEDRINO-CLEMENTE's deportation on December 24, 1998, MEDRINO-CLEMENTE was served with Form I-294 (Warning to Alien Ordered Removed or Deported), which warned him of the criminal penalties for reentering the United States without permission of the Attorney General.

11. On January 9, 2008, I and other agents took MEDRINO-CLEMENTE into administrative custody for immigration violations at his residence, located at 365 Oak Lane, in Justice, Illinois. On this date, I obtained fingerprints and photographs of MEDRINO-CLEMENTE while MEDRINO-CLEMENTE was being administratively processed for deportation.

12. I compared the photographs taken of MEDRINO-CLEMENTE from the January 9, 2008 ICE arrest with the photographs taken from MEDRINO-CLEMENTE's prior deportations and determined that the photographs relate to the same individual.

13. I have reviewed the ICE service file for the defendant and there is no evidence that the defendant applied for permission of the Attorney General or Secretary of Homeland Security to reenter the United States and no evidence that the Attorney General or Secretary of Homeland Security granted the defendant permission to reenter the United States.

14. On January 28, 2008, I received notification from the Federal Bureau of Investigations Special Processing Center – Module E-2 stating that exhibits submitted for

fingerprint comparisons of MEDRINO-CLEMENTE were that from the same individual. Specifically, the fingerprints obtained from MEDRINO-CLEMENTE on January 9, 2008 were compared to fingerprints obtained from MEDRINO-CLEMENTE's prior deportations and found to be identical.

15. Based upon the foregoing, I submit that there is probable cause to believe that MEDRINO-CLEMENTE is in the United States in violation of Title 8 United States Code 1326(a) and (b)(2), in that he reentered the United States without permission after being deported subsequent to a conviction that place him in a category of persons defined as Aggravated Felons in Title 8 U.S.C. 1101(43).

FURTHER AFFIANT SAYETH NOT.

JASON HARKNESS
Special Agent, Bureau of
Immigration and Customs
Enforcement

SUBSCRIBED AND SWORN to before me on January 30, 2008.

MORTON DENLOW
United States Magistrate Judge