UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 14 2008
May 14 2008
Judge Robert W. Gettleman
United States District Court

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 08 CR 74 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| NOEL MEDRINO-CLEMENTE ) | |

### PLEA DECLARATION

The Defendant, NOEL MEDRINO-CLEMENTE, after extensive consultation with his attorney, ROSE J. LINDSAY, acknowledges and states the following:

### Charge

1. Mr. Medrino-Clemente has been charged in a one-count indictment with illegal reentry by a previously-deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). He has read the charge against him and the charge has been fully explained to him by his attorney.

2. Mr. Medrino-Clemente fully understands the nature and elements of the crime with which he has been charged. Specifically, he understands that the statutory elements of a violation of 8 U.S.C. § 1326(a) and (b)(2), to which he is pleading guilty, are as follows:

   (A) The defendant was an alien at the time charged in the indictment,

   (B) The defendant previously had been deported or removed from the United States,

   (C) The defendant was found in the United States after the deportation or removal specified in the indictment, and

   (D) After the defendant's deportation or removal, he did not receive express consent from the Secretary of the Department of Homeland Security to reapply for admission to the United States.

**Factual Basis**

3. Mr. Medrino-Clemente will enter a voluntary plea of guilty to the count contained in the indictment.

4. Mr. Medrino-Clemente will plead guilty because he is in fact guilty of the count contained in the indictment. In pleading guilty, Mr. Medrino-Clemente admits that on or about January 9, 2008, at Justice, in the Northern District of Illinois, Eastern Division, he, an alien who previously had been deported and removed from the United States on or about December 24, 1998, and on or about March 3, 1993, June 28, 1994, July 1, 1995, and May 19, 1997, was present and found in the United States without previously having obtained the express consent of the United States Attorney General, and at any time after February 28, 2003, the Secretary of the Department of Homeland Security, for reapplication for admission into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2) and 6 U.S.C. § 202(4).

More specifically, Mr. Medrino-Clemente admits that he is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. Mr. Medrino-Clemente entered the United States unlawfully in approximately 1988. Thereafter, he was removed from the United States on several occasions. Mr. Medrino-Clemente most recently entered the United States in approximately January 1999, without express consent from the Secretary of the Department of Homeland Security. Mr. Medrino-Clemente was found in Illinois in January 2008 by agents of Immigration and Customs Enforcement.

## Maximum Statutory Penalties

5.  Mr. Medrino-Clemente understands that the maximum penalty he faces is 20 years' imprisonment and a fine of $250,000. He has also been advised that the count to which he will plead guilty carries a term of supervised release of not more than three years. Moreover, he understands that he will be assessed $100 in addition to any other penalty imposed, pursuant to 18 U.S.C. § 3013.

## Advisory Sentencing Guidelines

6.  Mr. Medrino-Clemente understands that the sentencing guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. § 994 are merely advisory, not mandatory, in accordance with United States v. Booker, 543 U.S. 220 (2005). Mr. Medrino-Clemente understands that the Court must, however, consider the guidelines in determining a sentence that is sufficient, but not greater than necessary, to satisfy the sentencing aims of 18 U.S.C. § 3553.

7.  For purposes of calculating the advisory sentencing range, Mr. Medrino-Clemente understands that the following guidelines may apply if the current November 1, 2007, guidelines manual is applied:

    (A)  Pursuant to Guideline § 2L1.2(a), the base offense level is eight.

    (B)  An eight-level increase may apply, pursuant to Guideline § 2L1.2(b)(1)(C), for having been previously deported, or unlawfully remaining in the United States, after a conviction for an aggravated felony.

    (C)  Mr. Medrino-Clemente admits his guilt, is remorseful for his crime, and accepts full responsibility for his conduct. Accordingly, he understands that a two-level

reduction for acceptance of responsibility under Guideline § 3E1.1(a) is applicable. Mr. Medrino-Clemente understands that if his offense level is determined to be 16 or greater, his timely plea of guilty would qualify him for an additional one-level reduction for acceptance of responsibility under Guideline § 3E1.1(b).

(D) As of the time of Mr. Medrino-Clemente's plea, it is his understanding that he may have approximately eight criminal history points, which would place him in criminal history category IV.

(E) With a total offense level of 13 and a criminal history category IV, Mr. Medrino-Clemente understands that his resulting advisory guidelines range would be 24–30 months' imprisonment in Zone D of the sentencing table.

(F) Mr. Medrino-Clemente understands that this calculation of the advisory guidelines range is preliminary in nature, and is thus a nonbinding estimation of how the guidelines may apply to his case at the time of sentencing. Mr. Medrino-Clemente understands that the United States Probation Office will conduct its own investigation but that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guidelines calculations.

(G) Mr. Medrino-Clemente understands that errors in calculation or interpretation of any guidelines and/or laws applicable to his case may be corrected or amended prior to sentencing. Mr. Medrino-Clemente understands that he may seek to correct these errors or misinterpretations by a statement to the probation office

and/or the Court setting forth the disagreement as to the correct guidelines and/or laws and their applications.

(H) Mr. Medrino-Clemente reserves the right to seek a downward departure under the guidelines or request a variance from the applicable guidelines range on any grounds he deems appropriate. Mr. Medrino-Clemente understands that any decision to impose a sentence outside the advisory guidelines range established at the time of sentencing lies solely within the discretion of the Court.

## Trial Rights and Appellate Rights

8. Mr. Medrino-Clemente understands that by pleading guilty he surrenders certain rights, including the following:

(A) If he chose to plead not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. He has a right to a jury trial. However, in order for the trial to be conducted by a judge sitting without a jury, the defendant, the government and the judge must all agree that the trial be conducted by the judge without a jury.

(B) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. He and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, where actual bias or other disqualification is shown, or by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that he is presumed innocent, and that it could not

convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(C) If the trial is held by the judge without a jury, the Court would find the facts and determine, after hearing all the evidence, whether or not it was persuaded of his guilt beyond a reasonable doubt. If the Court were not convinced of his guilt beyond a reasonable doubt it would enter a judgement of acquittal.

(D) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against him. He would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, he could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent. Therefore, he need not prove his innocence. If his own witnesses would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(E) At a trial, he would have a privilege against self-incrimination and could decline to testify. No inference of guilt could be drawn from his refusal to testify. On the other hand, if he desired to do so, he could testify in his own behalf.

9. Mr. Medrino-Clemente understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. His attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Medrino-Clemente further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or his sentence.

10. Should the judge refuse to accept Mr. Medrino-Clemente's plea of guilty, this Plea Declaration shall become null and void and he will not be bound thereto. It is Mr. Medrino-Clemente's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Rules of Criminal Procedure 11(e)(6)(A), (C), and (D) and Federal Rule of Evidence 401.

11. Mr. Medrino-Clemente agrees that this Plea Declaration shall be filed and become part of the record of the case.

12. Mr. Medrino-Clemente and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty.

13. Mr. Medrino-Clemente further acknowledges that he has been presented with a copy of this Plea Declaration and that he has carefully read each provision with his attorney.

Signed this 13th day of May 2008.

_Noel Medrino_
NOEL MEDRINO-CLEMENTE
Defendant

_[signature]_
ROSE J. LINDSAY
Attorney for Defendant